UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THERESA RIVERA AND** § | CIVIL ACTION NO.: |
| **CHRISTOPHER RIVERA** § | |
| § | |
| **VERSUS** § | SECTION: |
| § | |
| **WALMART, INC.** § | MAGISTRATE: |

**NOTICE OF REMOVAL**

**TO:** The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Walmart, Inc., files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On August 1, 2019, Theresa Rivera and Christopher Rivera filed this lawsuit against Walmart, Inc. in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 19-8022 and entitled *Theresa Rivera and Christopher Rivera v. Walmart, Inc.* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart, Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on August 20, 2019. (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B".)

3.    The suit seeks damages from Walmart, Inc. for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located on Chef Menteur Highway, in the Parish of Orleans, State of Louisiana.  In Paragraph 3 it is alleged that Aurelio Rivera sustained a fall on April 5, 2018, was severely injured, suffered and eventually died as a result of his fall at the Walmart store.  In Paragraph 5, Petitioner Theresa Rivera states she was the wife of Aurelio Rivera on April 5, 2018 and she is a survival and wrongful death beneficiary of Aurelio Rivera pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.  In Paragraph 8, petitioner Christopher Rivera states that he is the son of Aurelio Rivera, and he is a survival and wrongful death beneficiary of Aurelio Rivera pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

4.    In Paragraph 9 of the plaintiffs' Petition, it is alleged that as a result of the fall, Aurelio Rivera fractured his femur and on April 10, 2019 underwent surgery to repair the fracture.  It further alleges that on April 10, 2019, Aurelio Rivera died from complications of that surgery.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

5.    28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

   A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6.    The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in

the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7. Plaintiffs has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

8. While Walmart, Inc. admits no liability, nor any element of damages, Walmart, Inc. has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.     COMPLETE DIVERSITY**

9. Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

10. Plaintiff is a resident and domiciled in the Parish of Orleans, State of Louisiana.

11. Accordingly, there is complete diversity of citizenship between the Plaintiff and the only named defendant.

12. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

13. Walmart, Inc. was served with a copy of the Citation and Petition for Damages on August 20, 2019.

## II. WALMART INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

14. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart, Inc. of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

15. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

16. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

17. No previous application has been made by Walmart, Inc. in this case for the relief requested herein.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Theresa Rivera and Christopher Rivera, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

19. Petitioner, Walmart, Inc., desires and is entitled to **trial by jury** of all issues herein.

**WHEREFORE**, defendant, Walmart, Inc., hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

>Respectfully submitted,
>
>*/s/ Roy C. Beard*
>ROY C. BEARD (#17461) (rcb@mcsalaw.com)
>QUINCY T. CROCHET (#30457)
>P. SINNOTT MARTIN (#37218)
>MCCRANIE, SISTRUNK, ANZELMO, HARDY
>McDANIEL & WELCH
>909 Poydras Street, Suite 1000
>New Orleans, La. 70112
>(504) 831-0946
>**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this _____ day of September, 2019.

>*/s/ Roy C. Beard*