# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THERESA RIVERA AND | § | CIVIL ACTION NO.:  19-cv-12616 |
| CHRISTOPHER RIVERA | § | |
| | § | |
| VERSUS | § | JUDGE:    EEF |
| | § | |
| WALMART, INC. | § | MAGISTRATE: DD |

## WALMART'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' WRONGFUL DEATH CLAIMS

**MAY IT PLEASE THE COURT**:

Defendant, **WALMART INC.** (hereinafter referred to as "Walmart"), respectfully submits this Memorandum in Support of its Motion for Partial Summary Judgment. For the following reasons, Plaintiffs cannot put forth any competent medical evidence that Aurelio Rivera's fall at Walmart was the cause-in-fact of his death, and Plaintiffs' wrongful death claim against Walmart should, therefore, be dismissed with prejudice.

## I.    FACTUAL BACKGROUND

On April 5, 2019, Aurelio Rivera was shopping at the Walmart store on Chef Menteur Highway in New Orleans when he fell in the produce section.[1] After the incident, ambulance personnel transported Mr. Rivera to Touro Hospital, where he was subsequently diagnosed with a right femur fracture.

---

[1] See Plaintiff's Petition for Damages, R. Doc. 1-1. Walmart also notes that Plaintiffs have failed to produce any evidence that there was a hazardous condition on its premises that caused Mr. Rivera to fall or that Walmart had actual or constructive notice of any hazardous condition. Walmart filed a Motion for Summary Judgment on that basis which seeks the dismissal of all of Plaintiffs' claims, and that motion is currently pending before this Court. See R. Doc. 21, Walmart's Motion for Summary Judgment.

On April 9, 2019, Dr. Kevin Watson, an orthopedic surgeon, surgically repaired Mr. Rivera's right femur fracture. Dr. Watson testified that he completed the surgery without any complications and that it was "uneventful."[2] On April 10, 2019, the day after the surgery, Dr. Watson examined Mr. Rivera and found that he was doing "okay" with some expected swelling in his right foot and ankle.[3]

On April 11, 2019, Dr. Watson examined Mr. Rivera and testified that he had some "medical issues," including low blood pressure, a swollen abdomen, and decreased kidney function.[4] On April 12, 2019, Dr. Watson commented that Mr. Rivera was "gravely ill" and "unstable."[5] Dr. Watson wrote in his records that Mr. Rivera might be experiencing "possible fat embolism syndrome."[6] However, Dr. Watson testified that he did not seek to determine whether Mr. Rivera actually had fat embolism syndrome.[7] Furthermore, Dr. Watson clarified that he does not have "enough information" to give an opinion as to whether Mr. Rivera suffered from fat embolism syndrome.[8]

On April 11, 2019, Mr. Rivera also treated with general surgeon Dr. Angelle Gelvin. In her deposition, Dr. Gelvin explained that she was brought in for a surgical consult because Mr. Rivera had a "dead bowel."[9] That same day, Dr. Gelvin performed exploratory laparotomy surgery and small bowel resection. During the surgery, Dr. Gelvin found necrosis of the bowel.[10] Notably, Dr. Gelvin was not able to determine the cause of the necrosis.[11]

---

[2] Exhibit A, Deposition of Dr. Kevin Watson, at p. 17.
[3] *Id.* at p. 18.
[4] *Id.* at p. 20.
[5] *Id.* at p. 22.
[6] *Id.* at p. 23.
[7] *Id.* at p. 24.
[8] *Id.*
[9] Exhibit B, Deposition of Dr. Angelle Gelvin, at p. 24.
[10] *Id.* at p. 30.
[11] *Id.*

Mr. Rivera subsequently died on April 12, 2019. Dr. Watson testified that he did not determine Mr. Rivera's cause of death and moreover, that he has "no opinion" about Mr. Rivera's cause of death.[12] Furthermore, Dr. Watson has no opinion as to whether Mr. Rivera's fall at Walmart and fractured femur caused his death:

> Q. I take it -- you know, sort of a follow-up to that is if you have no opinion about the cause of death, you have no opinion linking his death to the Wal-Mart incident or his fall there or his femur fracture; is that correct?
> A. Well, I know he had a fall and he had a femur fracture and he got hospitalized and he died in the hospitalization. But that's not -- really, **I don't know what was his ultimate cause of death**.
> Q. You can't say more probable than not that the fall at Wal-Mart or the femur fracture were the cause of or a contributing cause to his death?
> A. **I don't think I have enough information.**[13]

Similarly, Dr. Gelvin was deposed, and she confirmed she does not the cause of Mr. Rivera's death.[14] In fact, Dr. Gelvin does not know if Mr. Rivera's death was tied in **any way** to the hospitalization for his femur fracture.[15] Furthermore, Dr. Gelvin cannot make **any** determination that Mr. Rivera's death was causally related to his fall at Walmart:

> Q. I will tell you that the reason that Walmart has been sued is because of a fall he had at a Walmart store. With that information, do you have any basis to say that the fall event is causally connected to Mr. Rivera's death?
> A. **I can't make that determination.**[16]

Mr. Rivera's wife, Theresa Rivera, and his son, Christopher Rivera, filed the instant lawsuit against Walmart seeking wrongful death and survival damages. Despite claiming in their Petition for Damages that Mr. Rivera's death was caused by his fall at Walmart and complications from his subsequent femur surgery, Plaintiffs have failed to come forward with any medical testimony

---

[12] Exhibit A at p. 25.
[13] *Id.* at p. 25 l. 21-25, p. 26 l. 1-1 (emphasis added).
[14] Exhibit B at p. 36.
[15] *Id.*
[16] *Id.* at p. 36 l. 20-25.

or admissible evidence linking Mr. Rivera's death to his fall at Walmart or his fractured femur.[17]

Accordingly, there is no factual dispute, and summary judgment on Plaintiffs' wrongful death

claim against Walmart is appropriate as a matter of law in this matter.[18]

## II.     LAW AND ARGUMENT

### A.  Summary Judgment Standard

Summary Judgment under Federal Rule of Civil Procedure 56 is appropriate when

"viewing the evidence in the light most favorable to the non-movant, there is no genuine issue as

to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

Pro. 56(c); *Levy v. Phillips and Jordan, Inc.*, 2011 WL 2580592, C.A. 08-5056, * 2 (E.D. La. June

29, 2011) (Lemmon, J.) (*quoting Amburgey v. Corhart Refractories Corp.*, 366 F.2d 805, 809 (5th

Cir. 1991)). Initially, the party moving for summary judgment must demonstrate the absence of

any genuine issue of material fact. "If the moving party meets the initial burden of establishing

that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of

the existence of a genuine material issue for trial." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 322-23 (1986)).

The non-movant must demonstrate with "significant probative evidence" that there is an

issue of material fact warranting a trial. *Texas Manuf. Hous. Ass'n v. Nederland*, 101 F.3d 1095,

1099 (5th Cir. 1996), *cert denied*, 521 U.S. 1112 (1997). The non-movant may not rest on its

allegations and denials. Nor can the non-movant satisfy its burden with "conclusory allegations,

---

[17] Shortly before the filing of this Motion, Plaintiffs produced, for the first time, an "additional" death certificate for Mr. Rivera. This additional death certificate purports to tie Mr. Rivera's fall at Walmart and fractured femur to his death. However, this death certificate is **not** the medical testimony required to prove causation. Furthermore, the death certificate is inadmissible hearsay evidence and cannot be used to prove cause of death. Thus, Plaintiffs *still* do not have any admissible evidence linking Mr. Rivera's death to his fall at Walmart or his fractured femur.

[18] To be clear, this Motion for Partial Summary Judgment only addresses Plaintiffs' wrongful death claims against Walmart and not Plaintiffs' survival claims. Those claims are however the subject of a separate Motion for Summary Judgment pending before this Court. See R. Doc. 21.

unsubstantiated assertions, or only a scintilla of evidence." *Levy*, 2011 WL 2580592 at \*2 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "Rule 56(c) mandates the entry of summary judgment against a party who has failed to make an evidentiary showing sufficient to establish an essential element of her case." *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997). Furthermore, a complete failure of proof as to one element requires summary judgment against the entirety of the claim. *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; *Munoz v. Orr*, 200 F.3d 291, 307 (5th Cir.2000).

### B. Plaintiffs Have Not Presented Evidence of Medical Causation on Their Wrongful Death Claim

In a diversity case, such as this one, Louisiana substantive law applies. *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938). Under Louisiana Civil Code article 2315.2, if the decedent died "due to the fault of another," a wrongful death action may be brought by the plaintiffs "to recover damages which they sustained as a result of the death." La. CC art 2315.2 (emphasis added); *See Also Carter v. R.J. Reynolds Tobacco Co.*, No. CIV.A. 03-330, 2004 WL 1944798, at \*1 (E.D. La. Aug. 30, 2004). Thus, to prevail on their wrongful death claim, Plaintiffs must prove not only that Walmart was at fault but also that Walmart's fault *caused* Mr. Rivera's death.

Under Louisiana law, a plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence. *James v. Lincoln Gen. Ins. Co.*, No. CIV.A. 09-0727, 2011 WL 3610800, at \*4 (W.D. La. Aug. 15, 2011) (citing *Lasha v. OlinCorp.*, 625 So.2d 1002, 1005 (La. 1993)). Furthermore, under Louisiana law, it is well-settled that expert medical testimony is **required** when the conclusion regarding medical causation is one that is not within common knowledge. *Chavers v. Travis*, 902 So.2d 389, 395 (La. App. 4th Cir. 2005); *Angelle v. Matthews*, No. CV 16-539-SDD-RLB, 2018 WL 1547348, at \*2 (M.D. La. Mar.

29, 2018). When medical causation issues are not within the common knowledge of a layperson, the test for proving the causal relationship between an accident and the subsequent injury is "whether the plaintiff proved through **medical testimony** that it is more probable than not that the subsequent injuries were caused by the accident." *Andrews v. Lomar Corp.*, No. CV 16-14842, 2017 WL 2634212, at *6 (E.D. La. June 19, 2017), *aff'd sub nom. Andrews v. Lomar Shipping, Ltd.,* 710 F. App'x 207 (5th Cir. 2018) (citing *Monsanto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 2/20/95)) (emphasis added).

Here, Plaintiffs have not presented **any** medical testimony that Mr. Rivera's death was caused by or related to his fall at Walmart. In this case, the only medical testimony has come from Dr. Watson and Dr. Gelvin, Mr. Rivera's treating physicians. However, both Dr. Watson and Dr. Gelvin testified that they could **not** determine that Mr. Rivera's death was caused by his fall at Walmart or his subsequent fractured femur.[19] Furthermore, none of Mr. Rivera's medical records indicate or conclude that the subject incident caused his death. Plaintiffs have failed to provide the evidence necessary to prove medical causation for their wrongful death claims.

Additionally, Plaintiffs have not, and now cannot, present any expert testimony linking Mr. Rivera's fall at Walmart to his subsequent death. Outside of Mr. Rivera's treating physicians, two of whom already testified that they could not link Mr. Rivera's death to the Walmart incident or his fractured femur, Plaintiffs did not list any other medical experts on their Witness List.[20] Furthermore, per this Court's Scheduling Order, Plaintiffs' written expert reports were due by May 28, 2020.[21] Plaintiffs did not produce any written expert reports or disclose the identity of any retained medical expert witnesses.

---

[19] See Exhibit A at p. 25 l. 21-25, p. 26 l. 1-12 and Exhibit B at p. 36 l. 20-25.
[20] R. Doc. 15, Plaintiffs' Witness and Exhibit List.
[21] R. Doc. 8, Scheduling Order.

Here, Mr. Rivera's injuries and the conditions and potential complications that ultimately led to his death are incredibly sophisticated and complicated medical issues that are outside of the common knowledge of a layperson and **require expert medical testimony**. Yet, Plaintiffs failed to present any expert medical evidence or testimony to support their wrongful death claim. Furthermore, the only medical testimony presented in this does not help Plaintiffs because it confirms that the physicians are unable to render a causal opinion linking Mr. Rivera's fall to his death. Thus, this Court should dismiss Plaintiffs' wrongful death claim against Walmart.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs have not and cannot put forth any medical evidence or testimony that Mr. Rivera's fall at Walmart caused his death. Walmart has a Motion for Summary Judgment pending before this Court that seeks to dismiss <u>all</u> of Plaintiffs claims, which could render this Motion moot.[22] However, in the event this Court were to deny Walmart's earlier-filed Motion for Summary Judgment, then Walmart respectfully urges the Court to grant this Motion for Partial Summary Judgment and dismiss Plaintiffs' wrongful death claims against it with prejudice, at Plaintiffs' cost.

Respectfully submitted,

/s/P. Sinnott Martin
ROY C. BEARD (#17461) (rcb@mcsalaw.com)
QUINCY T. CROCHET (#30457) (qtc@mcsalaw.com)
P. SINNOTT MARTIN (#37218) (psm@mcsalaw.com)
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, La. 70112
(504) 831-0946
**ATTORNEYS FOR DEFENDANT, WALMART INC.**

---

[22] R. Doc. 21.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 14th day of January, 2021.

*/s/P. Sinnott Martin*