UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERESA RIVERA AND CHRISTOPHER RIVERA | CIVIL ACTION |
| VERSUS | NO. 19-12616 |
| WALMART, INC. | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court are Defendant Walmart, Inc.'s Motion for Summary Judgment, R. Doc. 21; Motion for Partial Summary Judgment on Plaintiffs' Bystander Damages Claim, R. Doc. 29; and Motion for Partial Summary Judgment on Plaintiffs' Wrongful Death Claims, R. Doc. 30. Plaintiffs oppose these Motions, R. Docs. 24; 38; 39; 42. Defendant filed Replies to Plaintiffs' oppositions, R. Docs. 49; 51; 55. After considering the extensive briefing and the applicable law, the Court now rules as follows:

### I.    BACKGROUND

This case arises out of an April 5, 2018 slip-and-fall incident at a Walmart, Inc. ("Walmart") store that allegedly resulted in the serious injury and death of Aurelio Rivera. R. Doc. 1-1 at ¶¶ 2–3. Aurelio Rivera slipped and fell in the produce section of a Walmart in Orleans Parish allegedly due to a hazardous condition that existed on the store's floor. *Id.* at ¶ 3. Aurelio Rivera sustained severe injuries, including a fractured femur, which required surgery. *Id.* at ¶ 9. Following his surgery, Mr. Rivera experienced complications and died on April 12, 2018. *Id.* at ¶ 9. Subsequently, Plaintiffs Theresa Rivera, the wife of Aurelio Rivera, and Christopher Rivera, the son of Aurelio Rivera (collectively "Plaintiffs") filed a survival and wrongful death suit against Walmart. *Id.* at ¶¶ 5, 8. Plaintiffs allege that Walmart's negligence caused the accident and Aurelio

Rivera's injuries, in violation of La. R.S. 9:2800.6 and other potential negligence theories. *Id.* at ¶ 10.

Walmart denies the allegations and asserts various defenses, including but not limited to: (1) Plaintiffs fail to state a cause of action upon which relief can be granted; (2) the cause of the incident was the negligence of Aurelio Rivera; (3) in the event that any negligence is proven on Walmart's part, Walmart asserts contributory and/or comparative negligence and/or fault of Aurelio Rivera; (4) the accident was caused by negligence or fault of other parties over which Walmart has no authority, jurisdiction, control, or supervision; (5) the premises in question were free from all vices and defects relevant to Plaintiffs' claims; (6) no dangerous conditions existed or if they did, they were of an open and obvious nature; (7) Walmart had no actual or constructive notice of any alleged dangerous condition, or in the alternative, Walmart exercised reasonable care to address any alleged dangerous condition; (8) Aurelio Rivera sustained no injuries or damages from the incident, or in the alternative, he recovered from any injuries allegedly sustained; (9) Walmart reserves the right to allege that Aurelio Rivera's alleged injuries were totally or partially preexisting; (10) Walmart is entitled to a credit for any payments that have been made or will be made by an insurance company; and (11) Plaintiffs failed to mitigate their damages. R. Doc. 5.

## II.   PRESENT MOTIONS

Walmart now brings the present Motion for Summary Judgment, R. Doc. 21; Motion for Partial Summary Judgment on Plaintiffs' Bystander Damages Claim, R. Doc. 29; and Motion for Partial Summary Judgment on Plaintiffs' Wrongful Death Claim, R. Doc. 30. Defendant argues that Plaintiffs cannot satisfy their burden of proof at trial to maintain a negligence claim under La. R.S. 9:2800.6; a bystander damages claim pursuant to La. Civ. Code Art. 2315.6; or a wrongful death claims. R. Docs. 21; 29; 30. Defendant avers that Plaintiffs provide either no evidence or

2

inadequate evidence to suggest that (1) Walmart created or had actual or constructive notice of the condition that allegedly caused Mr. Rivera to slip and fall; (2) Mrs. Rivera suffered severe and debilitating mental anguish or emotional distress due to Mr. Rivera's accident; and (3) Mr. Rivera's accident at Walmart was the cause of his death. R. Docs. 21-1 at 6-10; 29-1 at 2-3; 30-1 at 5.

Defendant argues that Plaintiffs' negligence claim does not meet the essential elements or burden of proof required under La. R.S. 9:2800.6. R. Doc. 21-1 at 4. Defendant asserts that Plaintiffs provide no evidence to suggest that (1) there was anything on the floor of the premises to cause Mr. Rivera to slip or trip, or that a Walmart employee caused something to be present on the ground; (2) Walmart created or had actual notice of a condition which allegedly caused the incident; (3) or that Walmart had constructive notice of the condition which allegedly caused the fall. *Id.* at 5-7. Defendants claim that two Walmart employees testified that there was no dangerous condition at the time of the fall, and one employee testified that Mr. Rivera said that his knee "gave out" prior to the fall. *Id.* at 2. Regarding bystander damages, Defendant asserts that Mrs. Rivera arrived at Walmart thirty minutes after the accident and was unaware of why paramedics were treating her husband or the cause of his pain. *Id.* at 2-3. Defendant further alleges that Mrs. Rivera then drove herself to the hospital from Walmart and never received counseling or treatment for anxiety or depression. *Id.* Regarding causation, Defendant argues that Plaintiffs do not provide the required medical evidence that Mr. Rivera's accident was the cause of his death. R. Doc. 30-1 at 1-3. Defendant asserts that Plaintiffs failed to provide expert medical evidence to support medical causation because their two expert witnesses were unable to render a causation opinion regarding Mr. Rivera's death. *Id.* at 7.

In opposition, Plaintiffs argue that summary judgment is inappropriate for their negligence claims, wrongful death claim, and bystander claim. R. Docs. 24; 38; 39. Plaintiffs argue that there is a dispute of material fact surrounding Mr. Rivera's fall, namely the credibility of the employees at the scene and the alleged spoliation of evidence following the accident. R. Doc. 24 at 3. Plaintiffs ask the Court to apply the adverse presumption rule to Walmart's alleged failure to preserve video footage of the fall and inadequate collection of evidence after the accident. *Id.* at 5-14. Plaintiffs also request that this Court "invoke the Louisiana uncalled witness rule and consider the presumption that arises," with regard to Walmart's alleged failure to identify the associate who swept and cleaned the accident scene before and during the manager's investigation. *Id.* at 18.

Plaintiffs argue that summary judgment is inappropriate on their bystander damages claim because there is competent evidence that Mrs. Rivera suffered severe and debilitating mental anguish and emotional distress following the incident. R. Doc. 39 at 1. Plaintiff asserts that she was concerned after receiving the phone call that her husband had fallen, and her heart dropped once she saw the emergency personnel vehicles outside of Walmart. *Id.* at 13. Mrs. Rivera further claims that she was shaking and crying when she saw her husband on the ground being treated by paramedics. *Id.* Additionally, Plaintiffs argue that summary judgment on their wrongful death claim is inappropriate because Dr. Gardner, the pathologist at the coroner's office responsible for the medical review investigation, can testify as to the cause of death stated in the death certificate. *Id.* at 4. The Court has since determined that Dr. Gardner may not testify as to medical causation because Plaintiffs moved to amend their witness list too late. R. Doc. 59.

### III.   APPLICABLE LAW

#### *a.  Rule 56 Standard for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

**IV.    DISCUSSION**

    a. *Wrongful Death*

It is well established under Louisiana law that expert medical testimony is required when medical causation is not within common knowledge. *Hutchinson v. Shah*, 94 0264, p. 3 (La. App. 1 Cir. 12/22/94), 648 So. 2d 451, 452 (citing *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La. 1993)); *see also Monsanto v. Goodyear Tire & Rubber Co.*, (La. 2/20/95) 650 So. 2d 757, 759 (when medical causation issues are not within the common knowledge of a lay person, the test for proving the causal relationship between an accident and the subsequent injury is "whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."); *Chavers v. Travis*, 2004-0992 (La. App. 4 Cir. 4/20/05) 902 So. 2d 389, 394 (expert medical testimony is necessary, and lay testimony is insufficient, "when the conclusion regarding medical causation is not within common knowledge"); *Andrews v. Lomar Corp. Ltd.,* CV 16-14842, 2017 WL 2634212, at *6 (E.D. La. June 19, 2017), *aff'd sub nom. Andrews v. Lomar Shipping*, Ltd., 710 Fed. App'x 207 (5th Cir. 2018).

Here, Plaintiffs have not provided medical expert testimony to support Mr. Rivera's cause of death. Mr. Rivera's treating physicians Dr. Watson and Dr. Gelvin both testified that they cannot not say whether it is more probable than not that Mr. Rivera's fall caused Mr. Rivera's death. Dr. Watson testified that he did not have enough information to make that determination and that Mr. Rivera's fat embolism syndrome was a possible cause. Doc. 30, Exhibit A at 26. Dr. Gelvin also testified that he did not know the cause of Mr. Rivera's death. R. Doc. 30, Exhibit B at 36. Plaintiffs did not list any other medical experts on their Witness List, and their attempt to amend the list to include coroner pathologists Dr. McKenna and Dr. Gardner to opine on medical causation was untimely and lacked good cause. R. Doc. 59. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' wrongful death claim.

### b.  *Bystander Damages*

Under Louisiana law, a claimant for bystander damages under La. Civ. Code Art. 2315.6 must  (1) "either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition;" (2) "[t]he direct victim of the traumatic injury must suffer such harm that it can reasonably be expected that one in the plaintiff's position would suffer serious mental anguish from the experience;" (3) "[t]he emotional distress sustained must be both serious and reasonably foreseeable;" and (4) the claimant must have a sufficiently close relationship to the direct victim. *Lejeune v. Rayne Branch Hosp.*, 556 So. 2d 559, 570 (La. 1990). The Louisiana Supreme Court held that a claimant's "mental anguish or emotional distress must be severe, debilitating, and foreseeable," as evidenced by "neuroses, psychoses, chronic depression, phobia and shock," among other disorders. *Id.*  In *Trahan v. McManus*, the Louisiana Supreme Court further explained that there is "a need for temporal proximity between the tortious event, the victim's observable harm, and the plaintiff's mental distress arising from an awareness of the harm caused by the event." 97-1224, p. 10 (La. 3/2/99); 728 So. 2d 1273, 1279. Moreover, "the anguish and distress that normally accompany an injury to a loved one under all circumstances" does not reach the threshold required by La. Civ. Code. Art. 2315.6.

Here, Mrs. Rivera easily meets the fourth requirement of *Lejeune* given her relationship to Mr. Rivera, but the other three requirements are contentious. First, Mrs. Rivera arrived on the scene around thirty minutes after the accident, so she did not actually see Mr. Rivera's fall. Under Louisiana law, however, she is not required to have viewed the accident, but must "come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition." *Lejeune*, 556 So. 2d at 570. Plaintiffs argue that Mr. Rivera's condition had not

substantially changed in that timeframe, as he was still in great pain and being prepared for the ambulance. R. Doc. 39 at 8. Defendant disagrees, arguing that Mrs. Rivera arrived at the scene too late, did not ask what was causing Mr. Rivera's pain, and was able to drive herself to the hospital. R. Doc. 29 at 2-3. Second, the type of mental anguish reasonably expected and the degree of anguish experienced by Mrs. Rivera are factually contentious. Although Mrs. Rivera was shaking and upset upon seeing her husband, she never sought medical attention for anxiety, depression, or other psychological conditions in the weeks following. However, medical treatment and expert testimony are not required to support those aspects of a bystander damages claim. All that must be shown is that the harm is reasonably expected for someone in that situation and that the degree of harm is "severe, debilitating, and foreseeable." *Lejeune*, 556 So. 2d at 570.

When assessing motions for summary judgment, the Court must assess whether "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1286 *reh'g den.* (5th Cir. 1990) (citing *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," and "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255. Further, the Court "should not act other than with caution in granting summary judgment" and has discretion to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Simmons, et al. v. Hartford Insurance Co., et al.*, 786 F. Supp. 574, 579 (E.D. La. 1992). Here, the Court concludes that it is inappropriate at this stage to decide whether (1) Mrs. Rivera meets the temporal proximity element of bystander damages; (2) whether the distress she experienced was to be reasonably expected for someone in her position, and (3)

8

whether the degree of Mrs. Rivera's distress surpasses grief experienced by someone under the same circumstances. These issues will be better dealt with by a jury when the parties proceed to a full trial. Accordingly, Defendant's request for summary judgment on the issue of bystander damages is denied.

### c.  Merchant Negligence

Walmart also moves for summary judgment on Plaintiffs' merchant negligence claim under La. R.S. 9:2800.6. La. R.S. 9:2800.6 requires that (1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; (2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and (3) "[t]he merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care." La. R.S. 9:2800.6(2020). Walmart argues that Plaintiffs have provided no evidence to meet these elements and contend that it is entitled to summary judgment. Plaintiffs argue that genuine disputes of material fact remain, and Walmart is responsible for spoliation of evidence relevant to merchant negligence.

After reviewing the extensive briefs and the video footage of the incident, the Court concludes that genuine disputes of material fact remain with regard to merchant negligence in this case. Genuine factual disputes exist with regard to the existence of a dangerous condition on the floor, who cleaned the area before and after the accident, and whether Walmart sufficiently gathered and handled evidence related to the accident. Additionally, a genuine dispute exists over whether a dangerous condition actually caused Mr. Rivera's fall or whether it was his knee giving out. These disputes will be appropriately handled by a jury who will weigh the credibility of the

9

facts and the witnesses when the parties go to trial. Therefore, Walmart's request for summary judgment on the issue of Walmart's alleged negligence under La. R.S. 9:2800.6 is denied.

V.      **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Walmart's Motion for Summary Judgment, R. Doc. 21 be **DENIED.**

**IT IS FURTHER ORDERED** that Walmart's Motion for Partial Summary Judgment on Plaintiffs' Bystander Damages Claim, R. Doc. 29, be **DENIED.**

**IT IS ORDERED** that Walmart's Motion for Partial Summary Judgment on Plaintiffs' Wrongful Death Claims, R. Doc. 30, be **GRANTED.**

New Orleans, Louisiana, this 9th day of June 2021.

District Judge Eldon E. Fallon