UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERESA RIVERA AND CHRISTOPHER RIVERA | CIVIL ACTION |
| VERSUS | NO. 19-12616 |
| WALMART, INC. | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration or Alternatively to Certify for Immediate Appeal, R. Doc. 63. Defendant opposed this motion. R. Doc. 64. Plaintiffs filed a reply memorandum in response to Defendant's opposition. R. Doc. 67. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.    BACKGROUND**

This case arises from an April 5, 2018 slip-and-fall incident at a Walmart, Inc. ("Walmart") store that allegedly resulted in the serious injury and death of Aurelio Rivera ("Mr. Rivera"). R. Doc. 1-1 at ¶¶ 2–3. Mr. Rivera slipped and fell in the produce section of a Walmart in Orleans Parish, allegedly due to a hazardous condition on the store's floor. *Id.* at ¶ 3. Mr. Rivera sustained severe injuries, including a fractured femur, which required surgery. *Id.* at ¶ 9. Following his surgery, Mr. Rivera experienced complications and died on April 12, 2018. *Id.* at ¶ 9. Plaintiffs Theresa Rivera, Mr. Rivera's wife, and Christopher Rivera, Mr. Rivera's son (collectively "Plaintiffs"), filed a survival and wrongful death suit against Walmart. *Id.* at ¶¶ 5, 8. Plaintiffs allege that Walmart's negligence caused the accident and Mr. Rivera's injuries, in violation of La. R.S. 9:2800.6 and other potential negligence theories. *Id.* at ¶ 10.

1

Walmart denies the allegations and asserts various defenses, including but not limited to: (1) Plaintiffs fail to state a claim upon which relief can be granted; (2) Mr. Rivera's negligence caused the incident; (3) if any negligence is proven on Walmart's part, Walmart asserts contributory and/or comparative negligence and/or fault of Mr. Rivera; (4) other parties over which Walmart has no authority, jurisdiction, control, or supervision caused the accident; (5) the premises was free of all vices and defects relevant to Plaintiffs' claims; (6) no dangerous conditions existed or, if they did, they were open and obvious; (7) Walmart had no actual or constructive notice of any alleged dangerous condition, or exercised reasonable care to address any alleged dangerous condition; (8) Mr. Rivera sustained no injuries or damages from the incident, or recovered from any injuries allegedly sustained; (9) Mr. Rivera's alleged injuries were totally or partially preexisting; (10) Walmart is entitled to a credit for any payments that have been made or will be made by an insurance company; and (11) Plaintiffs failed to mitigate their damages. R. Doc. 5.

Walmart moved for summary judgment on Plaintiffs' negligence claim and moved for partial summary judgment on Plaintiffs' wrongful death and bystander damages claims. R. Docs. 21, 29 and 30. The Court denied Walmart's motion for summary judgment on the negligence claim and Walmart's motion for partial summary judgment on the bystander damages claim, but granted Walmart's motion for summary judgment on the wrongful death claim. R. Doc. 62. The Court found that Plaintiffs had not met their burden of proof on the wrongful death claim because no medical expert had identified the cause of Mr. Rivera's death. *Id.* at 6.

## II. PRESENT MOTION

Plaintiffs filed a Motion for Reconsideration or Alternatively to Certify for Immediate Appeal. R. Doc. 63. Plaintiffs request that the Court reconsider its order granting partial summary

2

judgment to Walmart on Plaintiffs' wrongful death claim, or, if the Court denies the motion for reconsideration, that it certify its order for immediate interlocutory appeal. *Id.*

Plaintiffs argue that under La. R.S. § 13:5713E(3), the cause of death listed on Mr. Rivera's death certificate should be his "legally accepted cause of death." R. Doc. 63-1 at 2. The death certificate listed "complications of right femur fracture due to fall" as the cause of death. *Id.* Plaintiffs argue that it follows that Mr. Rivera's fall was the cause of death, so their wrongful death claim should have survived.

Plaintiffs argue that, in granting Walmart's motion for partial summary judgment on the wrongful death issue, the Court committed an error of law by failing to apply La. R.S. § 13:5713E(3). *Id.* at 5. In Plaintiffs' view, the Court should have accepted the death certificate as evidence that the fall caused Mr. Rivera's death rather than required expert testimony on the cause of death. *Id.* at 6-7. Plaintiffs argue that the Court's requirement of expert testimony was an inappropriately elevated burden of proof. *Id.*

Walmart opposes Plaintiffs' motion, arguing that death certificates are not proof of cause of death in a tort action, that Plaintiffs merely repeat an argument they have already made, and that Plaintiffs did not carry their burden of proof on the wrongful death claim. R. Doc. 64 at 4, 8.

### III. APPLICABLE LAW

#### a. *Rule 54(b) Motion for Reconsideration Standard*

Federal Rule of Civil Procedure 54(b) gives a district court discretion to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Under this rule, "a district court may reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under Rules 59(e) or 60(b)." *WorkSTEPS Inc.*

3

*v. ErgoScience, Inc.* 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015). When a party moves for reconsideration under Rule 54(b), "many of the same policy considerations apply [as in] motions for reconsideration under Rule 59(e)." *Id.* Thus, "courts in the Fifth Circuit generally apply the same standards to the two." *Id.* Under this standard, motions for reconsideration "must clearly establish either a manifest error of law or . . . present newly discovered evidence. [They] cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue . . . a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). "[T]he standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment . . . ." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.2d 606, 611 (5th Cir. 1993).

### b. *Interlocutory Appeal Standard*

A district court may state that "an order not otherwise appealable" may be appealed if the court believes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, interlocutory appeals are "exceptional" and are not to be used "simply to determine the correctness of a judgment." *Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68-69 (5th Cir. 1983).

## IV. DISCUSSION

### a. *Motion for Reconsideration*

Plaintiffs ask the Court to reconsider its order granting summary judgment to Walmart on the wrongful death claim. Plaintiffs argue the Court committed a manifest error of law by not

following La. R.S. § 13:5713E(3), which Plaintiffs interpret as requiring the Court to accept the cause of death listed on the death certificate as the "legally accepted cause of death." R. Doc. 63-1 at 2. Plaintiffs argue that the Court imposed an unnecessary burden of proof by requiring expert testimony on the cause of death instead of simply taking the death certificate at face value. *Id.* at 6-7.

The Court finds that Plaintiffs have misconstrued La. R.S. § 13:5713E(3) and misinterpreted the relevant jurisprudence. The statute requires the coroner to designate a cause of death, which may serve as the legal cause of death for general purposes. La. R.S. § 13:5713E(3). However, as Louisiana jurisprudence makes clear, this does not require a court to accept the death certificate as proof of the cause of death when it is called into question in a lawsuit. In fact, a death certificate is inadmissible for proving the cause of death in court:

> [T]his statute does not proscribe findings regarding the cause of the designated cause of death. Furthermore, according to the jurisprudence a death certificate is proof only of the death itself, not proof of the cause of death, and it is *inadmissible* for the purpose of showing the cause of death.

*Alexander v. State, Dep't of Health and Hosps.*, 648 So. 2d 11, 14 (La. App. 3 Cir. 12/7/94); *see also Arnett v. Jackson Nat'l Life Ins. Co.*, Civil Action No. 10-420-BAJ-CN, 2012 WL 314090, at *5-6 (M.D. La. Feb. 1, 2012).

Instead, expert medical testimony was necessary to establish the cause of death because causation was not evident based on common knowledge. *See Hutchinson v. Shah*, 94-0264, p. 3 (La. App. 1 Cir. 12/22/94); 648 So. 2d 451, 452 (citing *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La. 1993)); *see also Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, p. 3 (La. 2/20/95); 650 So. 2d 757, 759 (when medical causation is not within the common knowledge of a lay person,

"the test for proving the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."); *Chavers v. Travis*, 2004-0992, p. 10 (La. App. 4 Cir. 4/20/05); 902 So. 2d 389, 395 (expert medical testimony is necessary "when the conclusion regarding medical causation is not within common knowledge"). The only expert testimony Plaintiffs provided expressly avoided any determination of Mr. Rivera's cause of death. R. Docs. 30-2 at 9, 30-3 at 4. Thus, Plaintiffs did not meet their burden of proof and Walmart was entitled to summary judgment on Plaintiff's wrongful death claim.

Moreover, Plaintiffs do not present new evidence or make any argument they could not have made before the Court ruled on the motion for partial summary judgment. Plaintiffs already noted the death certificate and the language of La. R.S. § 13:5713E(3) in their opposition to that motion. R. Doc. 38 at 3. Thus, because Plaintiffs have neither shown an error of law nor presented new evidence, reconsideration is inappropriate. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

### b. *Interlocutory Appeal*

The Court finds that its order granting summary judgment on the wrongful death claim does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion" and that immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Therefore, an interlocutory appeal of the Court's order granting the motion for partial summary judgment would be inappropriate.

## V. CONCLUSION

For the foregoing reasons,

6

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration or Alternatively to Certify for Immediate Appeal, R. Doc. 63, is **DENIED**.

New Orleans, Louisiana, this 9th day of July, 2021

_____
UNITED STATES DISTRICT JUDGE