# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA RIVERA AND CHRISTOPHER RIVERA** | CIVIL ACTION |
| **VERSUS** | NO. 19-12616 |
| **WALMART, INC.** | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is Walmart's Motion for Reconsideration, R. Doc. 68. Having considered the motion and the applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case arises from an April 5, 2018 slip-and-fall incident at a Walmart, Inc. ("Walmart") store that allegedly resulted in the serious injury and death of Aurelio Rivera ("Mr. Rivera"). R. Doc. 1-1 at ¶¶ 2–3. Mr. Rivera slipped and fell in the produce section of a Walmart in Orleans Parish, allegedly due to a hazardous condition on the store's floor. *Id.* at ¶ 3. Mr. Rivera sustained severe injuries, including a fractured femur, which required surgery. *Id.* at ¶ 9. Following the surgery, Mr. Rivera experienced complications and died on April 12, 2018. *Id.* at ¶ 9. Plaintiffs Theresa Rivera, Mr. Rivera's wife, and Christopher Rivera, Mr. Rivera's son (collectively "Plaintiffs"), filed suit against Walmart. *Id.* at ¶¶ 5, 8. Plaintiffs allege that Walmart's negligence caused the accident and Mr. Rivera's injuries, in violation of La. R.S. 9:2800.6. *Id.* at ¶ 10. Plaintiffs also claim damages for wrongful death and for Theresa Rivera's suffering as a bystander to the accident. *Id.* at ¶ 6, 13-14.

Walmart denies the allegations and asserts various defenses, including but not limited to: (1) Plaintiffs fail to state a claim upon which relief can be granted; (2) Mr. Rivera's negligence

caused the incident; (3) if any negligence is proven on Walmart's part, Walmart asserts contributory and/or comparative negligence and/or fault by Mr. Rivera; (4) other parties over which Walmart has no authority, jurisdiction, control, or supervision caused the accident; (5) the premises was free of all vices and defects relevant to Plaintiffs' claims; (6) no dangerous conditions existed or, if they did, they were open and obvious; (7) Walmart had no actual or constructive notice of any alleged dangerous condition, or exercised reasonable care to address any alleged dangerous condition; (8) Mr. Rivera sustained no injuries or damages from the incident, or recovered from any injuries allegedly sustained; (9) Mr. Rivera's alleged injuries were totally or partially preexisting; (10) Walmart is entitled to a credit for any payments that have been made or will be made by an insurance company; and (11) Plaintiffs failed to mitigate their damages. R. Doc. 5.

Walmart moved for summary judgment on Plaintiffs' negligence claim and moved for partial summary judgment on Plaintiffs' wrongful death and bystander damages claims. R. Docs. 21; 29; and 30. The Court denied Walmart's motion for summary judgment on the negligence claim and Walmart's motion for partial summary judgment on the bystander damages claim, but granted Walmart's motion for summary judgment on the wrongful death claim. R. Doc. 62. The Court found that Walmart was not entitled to summary judgment on the negligence claim because genuine factual disputes remained regarding the existence of a dangerous condition on the floor, who cleaned the area before and after the incident, and whether Walmart sufficiently gathered and handled evidence about the incident. *Id.* at 9.

## II. PRESENT MOTION

Walmart filed a motion for reconsideration requesting that the Court reconsider its order denying Walmart's motion for summary judgment on Plaintiffs' negligence claim. R. Doc. 68.

Walmart argues that the Court committed a manifest error of law by failing to address the issue of actual or constructive notice, which Plaintiffs had to prove under La. R.S. § 9:2800.6. R. Doc. 68-1 at 3. In Walmart's view, Plaintiffs have produced no evidence that Walmart had actual or constructive notice of the condition that caused Mr. Rivera's fall, and Walmart is entitled to summary judgment on the negligence claim. *Id.* at 4.

### III. APPLICABLE LAW

#### a. Rule 54(b) Standard

Federal Rule of Civil Procedure 54(b) gives a district court discretion to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Under this rule, "a district court may reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under Rules 59(e) or 60(b)." *WorkSTEPS Inc. v. ErgoScience, Inc.* 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015). When a party moves for reconsideration under Rule 54(b), "many of the same policy considerations apply [as in] motions for reconsideration under Rule 59(e)." *Id.* Thus, "courts in the Fifth Circuit generally apply the same standards to the two." *Id.* Under this standard, motions for reconsideration "must clearly establish either a manifest error of law or . . . present newly discovered evidence. [They] cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue . . . a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). "[T]he standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment . . . ." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.2d 606, 611 (5th Cir. 1993).

## IV. DISCUSSION

Walmart asks the Court to reconsider its order denying summary judgment to Walmart on Plaintiffs' negligence claim. Walmart argues the Court committed a manifest error of law by not addressing the issue of actual or constructive notice, a required element of Plaintiffs' claim under La. R.S. § 9:2800.6. R. Doc. 68-1 at 3.

The Court disagrees with Walmart's assertion that the Court's order denying summary judgment failed to address the issue of actual or constructive notice. The order acknowledged that actual or constructive notice was a required element of Plaintiffs' negligence claim. R. Doc. 62 at 9. Moreover, the remaining disputes of material fact that the Court enumerated relate to the question of whether Walmart had actual or constructive notice of the alleged hazardous condition. The Court specifically referred to "the existence of a dangerous condition," "who cleaned the area before and after the accident," and "whether Walmart sufficiently gathered and handled evidence" about the incident. *Id.* Genuine disputes on these topics inherently relate to a dispute on whether Walmart had actual or constructive notice of the condition. For instance, a dispute over who cleaned the area before the incident directly bears on whether Walmart employees had notice of the condition that allegedly caused Mr. Rivera's fall.

Moreover, Walmart does not present new evidence or make any argument it could not have made before the Court ruled on the motion for summary judgment. Walmart already argued that Plaintiffs had not proven actual or constructive notice in Walmart's memorandum in support of the motion for summary judgment. R. Doc. 21-1 at 6. Thus, because Walmart has neither shown an error of law nor presented new evidence, reconsideration is inappropriate. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

## V. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Walmart's Motion for Reconsideration, R. Doc. 68, is **DENIED**.

New Orleans, Louisiana, this 9th day of July, 2021

_____
UNITED STATES DISTRICT JUDGE