UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIVERA** | § | CIVIL ACTION |
| | § | |
| **VERSUS** | § | NO.  19-12616 |
| | § | |
| **WALMART, INC.** | § | SECTION "L" (3) |
| | § | |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Set Aside Judgment, R. Doc. 98. Defendant filed an opposition, R. Doc. 100, to which Plaintiffs filed a reply, R. Doc. 104. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.   BACKGROUND**

This case arises from an April 5, 2018 slip-and-fall incident at a Walmart, Inc. ("Walmart") store that allegedly caused the serious injury and death of Aurelio Rivera ("Mr. Rivera"). R. Doc. 1-1 at ¶¶ 2–3. Mr. Rivera slipped and fell in the produce section of a store in Orleans Parish, allegedly due to a hazardous condition on the floor. *Id.* at ¶ 3. Mr. Rivera sustained severe injuries, including a fractured femur, which required surgery. *Id.* at ¶ 9. Following the surgery, Mr. Rivera experienced complications and died on April 12, 2018. *Id.* at ¶ 9. Plaintiffs Theresa Rivera, Mr. Rivera's wife, and Christopher Rivera, Mr. Rivera's son (collectively, "Plaintiffs"), filed suit against Walmart. *Id.* at ¶¶ 5, 8. Plaintiffs allege that Walmart's negligence caused the accident and Mr. Rivera's injuries. *Id.* at ¶ 10. Plaintiffs also claim damages for wrongful death and for Theresa Rivera's suffering as a bystander to the accident. *Id.* at ¶ 6, 13-14.

Walmart denies the allegations and asserts various defenses, including: (1) Plaintiffs fail to state a claim upon which relief can be granted; (2) Mr. Rivera's own negligence caused the accident; (3) other parties over which Walmart has no authority, jurisdiction, control, or supervision caused the accident; (4) no dangerous conditions existed or, if they did, they were open and obvious; (5) Walmart had no actual or constructive notice of any alleged dangerous condition, or exercised reasonable care to address any alleged dangerous condition; (6) Mr. Rivera's alleged injuries were totally or partially preexisting; and (7) Plaintiffs failed to mitigate their damages. R. Doc. 5.

On June 9, 2021, the Court denied Walmart's motion for summary judgment on Plaintiffs' negligence and bystander damages claims but granted Walmart's motion for summary judgment on Plaintiffs' wrongful death claim. R. Doc. 62. The Court reasoned that expert medical testimony was required to prove medical causation, but Plaintiffs had not timely disclosed any medical experts who would testify as to Mr. Rivera's cause of death. The Court further found that Plaintiffs' attempt to amend their witness list to include two experts on cause of death was untimely and lacked good cause, having been filed after the discovery deadline despite a lengthy discovery period in which the necessity of proving medical causation became clear. R. Doc. 59. The Court denied motions for reconsideration on July 9, 2021. R. Docs. 73, 74.

A pretrial conference took place on July 13, 2021 to prepare for a trial that was scheduled for July 26, 2021. However, at the pretrial conference, Plaintiffs' counsel advised the Court that he had to withdraw due to a conflict of interest because he had potentially committed malpractice by failing to get expert testimony to link Mr. Rivera's death to his fall at Walmart. (The Court had ruled that Plaintiffs could not use Mr. Rivera's death certificate to prove his cause of death. Thus, Plaintiffs had no admissible evidence linking Mr. Rivera's death to his fall, reducing their

2

case to Mr. Rivera's other injuries.) New counsel for Plaintiffs enrolled on August 2, 2021. A new trial date was set for March 16, 2022.

On October 21, 2021, the Court reopened discovery to allow Plaintiffs to seek expert testimony on Mr. Rivera's cause of death. R. Doc. 93. The Court reasoned that its prior rationale for denying Plaintiffs' request to amend their witness list—that the amendment was untimely—no longer applied given the continuance of the trial.

## II. PRESENT MOTION

On January 13, 2022, Plaintiffs filed a motion to set aside the judgment on the previous motion for summary judgment in which the Court dismissed Plaintiffs' wrongful death claim. R. Doc. 98. Plaintiffs argue they are entitled to relief from the prior judgment under Rule 60 because Plaintiffs have now identified two medical experts who will testify that Mr. Rivera's fall at Walmart caused his death. Thus, Plaintiffs argue, the Court's prior justification for granting summary judgment on Plaintiffs' wrongful death claim—that Plaintiffs had no admissible evidence of Mr. Rivera's cause of death—no longer applies.

Walmart opposes the motion to set aside the judgment. R. Doc. 100. Walmart argues that Plaintiffs have failed to satisfy the requirements of Rule 60 because Plaintiffs' expert testimony is not "newly discovered evidence" and reviving Plaintiffs' wrongful death claim would unduly prejudice Walmart without curing any inequity, given Plaintiffs' previous opportunity to present such evidence.

## III. APPLICABLE LAW

### a. *Relief from a Judgment Under Rule 60*

Rule 60 of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Here, Plaintiffs seek relief under Rule 60(b)(2), due to "newly discovered evidence," and Rule 60(b)(6), for "any other reason that justifies relief." Under the language of Rule 60(b)(2), to obtain relief from a judgment due to newly discovered evidence, a movant must show that the evidence could not have been discovered with reasonable diligence in time to move for a new trial. Additionally, "a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). Moreover, it is "self evident" that the newly discovered evidence must be "both admissible and credible." *Id.*

Under Rule 60(b)(6), a court may grant relief from a prior judgment for "any other reason that justifies relief," meaning "any reason other than those contained in the five enumerated grounds" in the Rule. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773

(5th Cir. 1995). This provides "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992). Nevertheless, "[r]elief under this section is granted 'only if extraordinary circumstances are present,'" and only if those circumstances "suggest[] that the party is faultless in the delay." *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (quoting *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Moreover, relief under the "catch-all provision" of Rule 60(b)(6) is "mutually exclusive" of relief under the five preceding clauses of Rule 60(b). *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002).

## IV. DISCUSSION

The Court finds it appropriate to grant Plaintiffs relief from the prior judgment under the "catch-all" provision of Rule 60(b)(6). Relief from the dismissal of Plaintiffs' wrongful death claim is justified because that dismissal was based on Plaintiffs' prior counsel's failure to timely obtain expert testimony on Mr. Rivera's cause of death—a failure that has now been cured. Plaintiffs' prior counsel admitted that this failure was potential malpractice and withdrew due to the conflict of interest created by Plaintiffs' possible malpractice claim against him. This potential malpractice represents the type of "extraordinary circumstances" that warrant relief under Rule 60(b)(6). *Fair Grounds*, 3 F.3d at 815. Plaintiffs are not at fault for this lapse by their prior counsel, and they have now engaged new counsel and obtained expert testimony to support their wrongful death claim. Granting Plaintiffs relief from the prior judgment cures the inequity that would result from denying them the possibility of recovering for wrongful death due to potential malpractice by their prior counsel.

Because relief under Rule 60(b)(6) is mutually exclusive of relief under any other clause of Rule 60(b), the Court need not address the parties' arguments on whether Plaintiffs' expert testimony constitutes newly discovered evidence under Rule 60(b)(2). *Hess*, 281 F.3d at 215-16.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Set Aside Judgment, R. Doc. 98, is **GRANTED**.

New Orleans, Louisiana, this 15th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE